Filed 1/18/22  P. v. Mendivil CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091561 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F00055) |
| v. | OPINION ON REMAND |
| JEREMY ANTHONY MENDIVIL, | |
| Defendant and Appellant. | |

In 2014, the prosecution charged defendant and his codefendant with murder (Pen. Code, § 187, subd. (a))**1**, and alleged defendant was armed with a firearm (§ 12022, subd. (a)(1)). The information alleged the codefendant personally discharged the firearm and caused the victim's death. (§ 12022.53, subd. (d).)

---

**1** Undesignated statutory references are to the Penal Code.

1

Defendant pleaded no contest to voluntary manslaughter (§ 192, subd. (a)) and admitted he was a principal in an offense in which another principal was armed, in exchange for a stipulated sentence of 12 years. Consistent with the agreement, the trial court sentenced defendant to a term of 12 years in state prison.

In 2019, defendant filed a petition for resentencing under section 1170.95. The trial court appointed counsel for defendant and received briefing from both parties. The trial court denied the petition in a written order, explaining that because defendant had been convicted of voluntary manslaughter, he "fails to make the threshold prima facie showing he is eligible for resentencing under section 1170.[9]5."

In September 2021, this court issued an unpublished opinion affirming the trial court's order denying the petition for resentencing, and concluding, consistent with then-prevailing case law, that defendants convicted of voluntary manslaughter were not eligible for resentencing under section 1170.95. (*People v. Mendivil* (Sept. 30, 2021, C091561) [nonpub. opn.].) Shortly thereafter, the Governor signed Senate Bill No. 775 (2021-2022 Reg. Sess.), which amended section 1170.95 to, among other things, clarify that "persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural and probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1, subd. (a).)

In December 2021, our Supreme Court granted review in this case and transferred the case back to us with directions to vacate our decision and reconsider the issue in light of Senate Bill No. 775. (*People v. Mendivil* (Dec. 15, 2021, S271621).) The parties submitted supplemental briefing, in which they agree that the trial court's rationale for denying the petition is no longer valid and the case must be remanded. We agree with the parties and will remand the case for further proceedings.

2

## DISCUSSION

Senate Bill No. 775 was passed as nonurgency legislation during the regular session and its amendments to section 1170.95 became effective January 1, 2022. (Cal. Const., art. IV, § 8, subd. (c)(1); see also *People v. Camba* (1996) 50 Cal.App.4th 857, 862.) Among other things, the bill amends section 1170.95 to apply to a petitioner who "was convicted of . . . manslaughter" after accepting a "plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder." (Stats. 2021, ch. 551, § 2.) Because section 1170.95, as amended, now applies to petitioners convicted of voluntary manslaughter, such as defendant, the parties agree that defendant should receive the benefit of the legislation. We agree defendant is entitled to the benefit of the new provisions in section 1170.95. (See *Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 243.)

Under the amended section 1170.95, subdivision (c), after the parties have had an opportunity to submit briefing, the petitioner is entitled to a hearing to determine whether the petition states a prima facie case for relief. If the petitioner is successful in that hearing, the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the conviction and resentence the petitioner. (§ 1170.95, subds. (c), (d).) Defendant's petition was previously denied after the parties had submitted briefing focused largely on the issue of whether a defendant with a voluntary manslaughter conviction was eligible for relief under section 1170.95, and the trial court denied the petition because it concluded defendant's voluntary manslaughter conviction made him ineligible for relief. Because the amended statute has removed the basis for this decision, we will remand the case so the trial court may reconsider whether defendant has stated a prima facie case that he is entitled to relief, consistent with section 1170.95, subdivision (c), as amended. We express no opinion as to how the petition should ultimately be resolved.

3

DISPOSITION

The trial court's order denying the petition for resentencing is reversed. The case is remanded to the trial court to conduct further proceedings consistent with section 1170.95, subdivision (c).

                                             \s\
                                      BLEASE, Acting P. J.

We concur:

  \s\
DUARTE, J.

  \s\
RENNER, J.

4